1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARGARET GREENE and the SAMISH
INDIAN TRIBE,

                    Plaintiffs,

v.

BRUCE BABBITT, Secretary of the Interior,
et al,

                    Defendants.

No.  C89-645Z

ORDER

18   This matter comes before the Court on a Motion for Relief From Judgment and

19   Orders Under Fed. R. Civ. P. 60(b) by the Tulalip Tribes, Lummi Nation, Swinomish Indian

20   Tribal Community, and Upper Skagit Indian Tribes (the "Four Tribes"), docket no. 345, and

21   a Motion for Immediate Relief From Judgment and Order also filed by the Four Tribes,

22   docket no. 346.  In Response, the Samish Indian Nation ("Samish") have filed a Motion to

23   Dismiss, docket no. 352.  Samish has not responded separately to either of the Four Tribes'

24   Motions.  The Court having considered the motions for relief filed by the Four Tribes and the

25   motion to dismiss by Samish, as well as the Response, Reply, and supporting declarations,

26   hereby DENIES the Four Tribes' Motion for Relief From Judgment Under Fed. R. Civ. P.

ORDER   -1-

60(b), docket no. 345, and DENIES the Tribes' Motion for Immediate Relief From Judgment and Order, docket no. 346.  The Court GRANTS the Samish Indian Nation's Motion to Dismiss, docket no. 352.

The Samish Nation argues that the Tribes' Motion for Motion for Immediate Relief From Judgment and Order, docket no. 346, is an independent action requiring a separate basis for the subject matter of the suit.  Samish contends that its sovereign immunity is jurisdictional, and deprives the Court of jurisdiction over the relief sought by the Four Tribes in the motion.  See Motion to Dismiss, docket no. 352, at 2.  In the Motion for Immediate Relief, the Four Tribes' seek a determination that the Tribes are not bound by the Judgment entered after recognition of Samish, an order voiding the post-recognition Order and Judgment, and an order correcting "clerical mistakes" in the post-recognition Order and Judgment under Rule 60(a).  See Motion for Immediate Relief, docket no. 346, at 1-2.  The Motion for Relief under Fed. R. Civ. P. 60(b) seeks relief from various orders of the Court, including the denial of intervenor status and the post-recognition Order and Judgment.  See Motion for Relief under Fed. R. Civ. P. 60(b), docket no. 345.  Samish and the Four Tribes dispute whether tribal sovereign immunity bars the relief requested by the Four Tribes.

Federally recognized Indian tribes are immune from unconsented suit.  Chemehuevi Indian Tribe v. California State Bd. of Equalization, 757 F.2d 1047, 1050-53 (9th Cir. 1985).  Samish argues that it has not expressly waived sovereign immunity from suit; an implied waiver of sovereign tribal immunity is not permitted.  See id. at 1052-53.  As a general proposition, the Four Tribes do not contest the tribal status of Samish or its right to assert tribal sovereign immunity.

In Response to Samish's Motion to Dismiss, the Four Tribes argue that "[a]s with any motion in the course of litigation, no independent basis for jurisdiction is needed . . ." Tribes' Resp., docket no. 361, at 5.  However, the Four Tribes were not parties in the

1    underlying litigation, were denied intervenor status, and were not permitted to litigate in this

2    case.  Samish urges that the Four Tribes are without standing to file motions in this case.

3         Sovereign immunity is a jurisdictional issue.  Samish contends that the lack of consent

4    deprives the Court of jurisdiction.  See Cherokee Nation of Oklahoma v. Babbitt, 117 F.3d

5    1489, 1498-99 (D.C. Cir. 1997).  The Four Tribes contend that their claims for relief are

6    within the Court's subject matter jurisdiction because "Samish waived its sovereign

7    immunity from the claims in the motions when it filed this action and, after its recognition,

8    sought post-recognition relief."  Tribes' Resp., docket no. 361, at 10.  The Four Tribes also

9    contend that where an aspect of federal recognition is at issue sovereign immunity may not

10    be raised.  Id. at 10 n.4 (citing Cherokee Nation, 117 F.3d at 1499).  However, the Four

11    Tribes concede they are not challenging Samish's recognition, and concede Samish's

12    sovereign immunity.  If the Samish Tribe retains its sovereign immunity, it is not subject to

13    suit by other Indian tribes, the States, or private individuals and entities.  Because Samish did

14    not waive its sovereign immunity as to the Four Tribes, this Court lacks subject matter

15    jurisdiction over the Four Tribe's various claims raised in the Motion for Immediate Relief,

16    docket no. 346.[1]

17         In addition, the Four Tribes were not parties in the underlying action and there is no

18    basis for their Rule 60(b) motion.  See Kem Mfg. Corp. v. Wilder, 817 F.2d 1517, 1520-21

19    (11th Cir. 1987).  This Court and the Ninth Circuit have repeatedly distinguished federal

20    recognition from treaty status and fishing rights.  Greene v. Lujan, No. C89-645Z, 1992 WL

21    533059 (W.D. Wash. Feb.25, 1992), aff'd, Greene v. Babbitt, 64 F.3d 1266 (9th Cir. 1995).

22    //

23    //

24

25        [1] The Four Tribes also ask the Court to revise factual findings in the 1996 order as "clerical mistakes" pursuant to Fed. R. Civ. P. 60(a).  However, the substantive revisions

26    advocated by the Four Tribes are not "clerical mistakes" as that term is used in Rule 60(a).  See, e.g., Waggoner v. R. McGray, Inc., 743 F.2d 643, 645 (9th Cir. 1984) ("error regarding the legal effect of [judgment] was one of law and therefore [could] be corrected only under Rule 60(b)").

1   The Ninth Circuit recognized the distinction in <u>Greene v. United States</u>:

2       We recognize that the [federal acknowledgment and treaty fishing rights] inquiries are
    similar. Yet each determination serves a different legal purpose and has an
3   independent effect. Federal recognition is not a threshold condition a tribe must
    establish to fish under the Treaty of Point Elliott . . . . Similarly, the Samish need not
4   assert treaty fishing rights to gain federal recognition.

5   996 F.2d 973, 976-77 (9th Cir.1993).  In a subsequent holding, the Ninth Circuit explicitly

6   noted that the tribal interest "in preventing the Samish from gaining treaty fishing rights was

7   *not affected by this litigation*, involving federal tribal recognition . . ." <u>Greene v. Babbitt</u>, 64

8   F.3d 1266, 1270 (9th Cir. 1995) (emphasis added).  Most recently, in <u>United States v.</u>

9   <u>Washington</u>, the Ninth Circuit again spoke on this issue as it related to fishing rights:

10      We held that although the federal recognition and treaty fishing rights inquiries were
    similar, "each determination serves a different legal purpose and has an independent
11  legal effect."  We noted that even if the Samish achieved federal recognition, the tribe
    would need to challenge the decision in <u>Washington II</u> before it could exercise fishing
12  rights.

13  394 F.3d 1152, 1156 (9th Cir. 2005) (internal citations omitted).

14      The Four Tribes were not parties in this litigation.  <u>Greene v. United States</u>, 996 F.2d

15  973 (9th Cir. 1993); <u>Greene v. Babbitt</u>, 64 F.3d 1266, 1271 (9th Cir. 1995).  The Four Tribes

16  do not have standing to file under Rule 60(b) and cannot challenge the Judgment ten years

17  after it was entered.  Federal recognition has a legal effect that is independent of treaty

18  fishing rights and treaty status.  Accordingly, the Four Tribes' Motion for Relief From

19  Judgment Under Fed. R. Civ. P. 60(b), docket no. 345, is DENIED.

20      The Tribes' Motion for Immediate Relief From Judgment and Order, docket no. 346,

21  is in effect a new independent action for which there is no subject matter jurisdiction.  The

22  Samish Indian Nation has not consented to suit by the Four Tribes and Samish sovereign

23  immunity prevents this Court from considering the merits of the Four Tribes request for

24  relief.  Accordingly, the Court DENIES the Motion for Immediate Relief, docket no. 346.

25  The Samish's Motion to Dismiss, docket no. 352, is GRANTED.

26

ORDER   -4-

1   IT IS SO ORDERED.

2   DATED this 26th day of January, 2007.

3

4

5   Thomas S. Zilly
    United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER   -5-